# Weis *v.* DeLong.

*Debtor and creditor—Payment—Mortgage.*

In an action of assumpsit to recover a balance for work and labor done on a building operation, binding instructions for defendant are properly entered where it appears that by an agreement in writing between the parties it was provided that the said balance should be paid by an interest in two mortgages which were to be assigned to a trust company subject to a collateral loan in favor of the trust company, with right to the plaintiffs to sell the mortgages upon completion of the buildings, and that the defendants had assigned the mortgages to the trust company immediately upon the execution of the contract. In such a case the interest in the mortgages, subject to the payment of the claim of the trust company, was an absolute payment to plaintiffs, and not a mere collateral security for the debt.

Argued Oct. 19, 1900. Appeal, No. 153, Oct. T., 1900, by plaintiffs, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1899, No. 309, on verdict for defendants in case of Joseph Weis and John P. P. Weis, trading as Joseph Weis & Brother, *v.* Marshall W. DeLong and Frank K. Stahl, trading as De-Long & Stahl. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to recover a balance of $600 alleged to be due by defendants to plaintiffs for work and labor done and materials furnished in a building operation. Before AUDENREID, J.

At the trial it appeared that on April 12, 1898, DeLong & Stahl entered into a written contract with Weis & Brothers by which the latter agreed to furnish certain material for and do certain work and labor on thirty-four houses then being erected by DeLong & Stahl. The consideration money was $1,624, to be paid as follows:

(1) Ten hundred and twenty-four dollars of the said amount shall be paid to them in cash, as the work proceeds, of which they shall receive the sum of $30.00 as they set up in accordance with this agreement the wardrobes, mantels and tiling in each house, and the balance of said $1,024 shall be paid them when they complete their work herein undertaken by them; (2) the balance of the said sum of $1,624, to wit: the sum of $600, shall

be paid by an interest of $300 in and to each of two separate first mortgages of the sum of $1,600 each upon two separate lots of ground situate on Dunham street and marked Nos. 1 and 2 respectively on the plan of said operation, which is annexed to the specifications aforesaid, on each of which said two first mortgages the parties of the first part have negotiated a loan with the Germantown Real Estate Deposit and Trust Company. The said mortgages are to be assigned to the said company to secure the payment of said loan, and are to be held by them. Upon the completion of the buildings, the parties of the second part will be entitled forthwith to sell and dispose of the said mortgages, and to retain the proceeds of said sale or sales over and above the amount of $1,300 as to each of said mortgages respectively.

From the evidence it appeared that defendants duly assigned the mortgages to the trust company, and that subsequently having defaulted in payment of their loan and interest, the trust company sold the mortgages for a sum insufficient to leave any surplus for the plaintiffs. The court gave binding instructions for defendant on the ground that the plaintiffs had taken the equity in the mortgages in full payment of their debt.

*Errors assigned* were in giving binding instructions for defendants.

*Lewis Stover*, for appellants.—The plaintiffs did acquire an inchoate interest in the mortgages of which the trust company was bound to take notice, but it was not payment. To make it a payment defendants should have assigned the mortgages (subject to prior loan) to the plaintiffs: Loughery v. Dobson, 5 W. N. C. 535; McGuire v. Adams, 8 Pa. 286; Collins v. Busch, 191 Pa. 549; Rhodes v. Chesson, Busbee's Law (N. C.) 336.

It is not pretended that the defendants ever transferred to plaintiffs this interest, or ever offered to pay their debt by a transfer of their interest in these mortgages; they are therefore liable on the original contract: Demarest v. McKee, 2 Grant Cases, 248; Baum v. Tonkin, 110 Pa. 569; Loughery v. Dobson, 5 W. N. C. 535; Singerly v. Armstrong, 5 W. N. C. 139.

*J. Morris Yeakle*, with him *Thomas S. Gates*, for appellees.

—Where the evidence is all one way, and is so satisfactory that a court would not sustain a verdict that should find against it, the Supreme Court will not reverse the judgment, because the judge declared the true effect of the evidence instead of submitting it to the jury: Angier v. Eaton, Cole & Burnham Co., 98 Pa. 599; Eister v. Paul, 54 Pa. 196; McCracken v. Roberts, 19 Pa. 390.

The contract was in writing, and the facts were undisputed. It was the duty of the court to interpret the contract, and not the jury: Sparks v. Pittsburg Co., 159 Pa. 302; Shafer v. Senseman, 125 Pa. 310; Zinn v. Rowley, 4 Pa. 169.

OPINION BY W. D. PORTER, J., February 14, 1901:

Did the appellants agree to accept the surplus arising from two mortgages, subject to the payment of the claims of the Germantown Real Estate Deposit & Trust Company, as an absolute payment upon the work done by them, or was it taken merely as a collateral security? There was no dispute as to any material fact which involved the rights of the parties. The plaintiffs had agreed to do certain work upon a number of buildings and had performed their contract. For this work they were to receive $1,624, of which amount the defendants had paid $1,024 in cash. It had been agreed between the parties that the remaining $600 should be paid as follows, to wit: "The sum of $600 shall be paid by an interest of $300 in and to each of two separate first mortgages of the sum of $1,600 each, upon two separate lots of ground situate on Durham street, and marked Nos. 1 and 2, respectively, on the plan of said operation which is annexed to the specifications aforesaid; on each of which said two mortgages the parties of the first part have negotiated a loan with the Germantown Real Estate Deposit & Trust Company. The said mortgages are to be assigned to the said company to secure the payment of the said loan and are to be held by them. Upon the completion of the buildings the parties of the second part will be entitled forthwith to sell and dispose of the said mortgages, and to retain the proceeds of said sale, or sales, over and above the amount of $1,300 as to each of said mortgages, respectively." This agreement was in writing and its construction was for the court. The principal covenant was that said sum of $600

" shall be paid by an interest of $300 in and to each of two separate mortgages." The mortgages were to be assigned to and held by the trust company; the appellants acquired the right to sell them, as soon as the buildings were completed, and to retain the proceeds of said sales over and above the amount of $1,300 on each mortgage. The learned court below held that this was a positive agreement as to the manner in which the said sum was to be paid, and was not a mere transfer of the mortgages as security for the debt. The covenants are so clear that we are unable to understand upon what ground the appellants could have expected the court to arrive at any other conclusion. The contention of the appellants seems to be that the contract remained merely executory because the defendants had not executed and delivered to the plaintiffs an assignment of the mortgages; but this is without merit. There was no agreement that there should be any other or further assignment to the plaintiffs than that which this agreement itself contained. The covenant was that the mortgages should be assigned to the trust company and held by them. It was admitted at the trial that the defendants had so assigned the mortgages, that the plaintiffs knew that fact, and that the trust company had full notice of the interest of the plaintiffs in the securities. The original building contract was dated April 12, 1898, and on August 26, 1899, the defendants gave to the plaintiffs a written notice, setting forth that the buildings had been completed and that unless they, the plaintiffs, sold the mortgages, or in some manner discharged the claims of the trust company for which that company held the mortgages as a security, on or before September 27, 1899, the trust company would proceed to sell the mortgages at public sale for the purpose of realizing the amount of its claim. The plaintiffs made written reply to this notice, alleging that they were not required under the agreement to accept the interest in the mortgage as payment, and that they held it merely in the nature of a collateral security for the balance of $600 due them. On September 18, 1899, the trust company gave the plaintiffs written notice, recognizing the interest of the latter in the mortgages, that unless they, the plaintiffs, made settlement with the trust company on or before September 25, the trust company would proceed to sell the mortgages and reim-

burse themselves out of the proceeds. All these letters and notices were offered in evidence by the plaintiffs. After sending the letter of August 26, 1899, the defendants would have been estopped from denying that the buildings were completed and the plaintiffs had the right to sell the mortgages at once. The defendants had done everything which they agreed to do in their contract, and the effect of that compliance had been to vest the absolute legal title to the mortgages in the trust company. The trust company recognized the rights of the plaintiffs in the collateral and, very properly, gave them notice before proceeding to sell the same. The plaintiffs having agreed to take the mortgage subject to the claim of the trust company, it was their business to protect the security against the claims of the trust company. It was not within the power of the appellants to make a new contract after the one into which they had already entered had been executed. The learned court below very properly gave binding instructions in favor of the defendants.

The judgment is affirmed.